UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 12-21923-CIV-MORENO

DAVID HEYDEN,

      Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

      Defendant.

_____/

## ORDER DISMISSING COUNTS III AND IV AND
## DENYING MOTION TO DISMISS COUNTS I AND II

This is an action by a cruise ship passenger for personal injuries sustained while riding a "Segway," a self-balancing transportation device that resembles a motorized, two-wheeled scooter. The plaintiff, David Heyden, suffered the injuries while participating in a "shore excursion" tour in Philipsburg, St. Maarten during a cruise vacation provided by the defendant cruise line, Celebrity Cruises, Inc. The tour was operated by an independent contractor, Caribbean Segway Tours. Heyden was injured while attempting to operate the Segway on a pedestrian boardwalk. One of the wheels of the plaintiff's vehicle struck a nailed-down bench or stool. Upon striking the obstacle, Heyden fell over onto his right side, and the Segway fell atop him, causing his injuries.

In his Amended Complaint, Heyden asserts the following causes of action: Count I -- Negligent Selection of the Shore Excursion Operator; Count II -- Negligent Retention of the Shore Excursion Operator; Count III -- Negligent Failure to Warn of a Dangerous Condition; and Count IV -- Negligent Misrepresentation. The defendant has moved to dismiss the Amended Complaint. For the reasons set out below, the Court grants the Motion to Dismiss, in part.

**Legal Standard**:

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir.2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Where a cause of action sounds in fraud, however, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed.R.Civ.P. 9(b). The "particularity" requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants `against spurious charges of immoral and fraudulent behavior. *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citation and quotations omitted).

**Discussion**:

*Counts I and II -- Negligent Selection and Retention of the Shore Excursion Operator*

-2-

"Though cruise ship owners ... cannot be held vicariously liable for the negligence of an independent contractor, it is well-established that they may be liable for negligently hiring or retaining a contractor." *Smolnikar v. Royal Caribbean Cruises Ltd .*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011) (internal citations omitted). To state a claim for negligent selection or negligent retention, "a plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 73–74 (Fla. 5th DCA 2010) (internal citations omitted).

"In a negligent selection claim, liability is premised upon the inadequate pre-selection investigation into the contractor's background," whereas "in a negligent retention claim, liability is founded upon a showing that, during the course of the contractor's employment, the principal was aware or should have been aware of problems evidencing the unfitness of the contractor, and failed to investigate or terminate the contractor." *Smolnikar*, 787 F. Supp. 2d at 1318 n. 7 (internal citations omitted). Here, the plaintiff is pleading both negligent selection and negligent retention. Celebrity argues the plaintiff fails to plead sufficient facts to support prima facie case for either cause of action.

Under Florida law, the duty element of negligent selection and retention claims requires a plaintiff to plead ultimate facts showing the contractor was hired "to do work which will involve a risk of physical harm unless it is skillfully and carefully done ...." *Suarez v. Gonzalez*, 820 So.2d 342, 345 (Fla. 4th DCA 2002) (internal citations omitted). Under this standard, Heyden has pleaded sufficient facts to support a duty upon which these claims can be brought. The plaintiff alleges that "The Segway tour required Plaintiff to operate a Segway vehicle, which is an inherently dangerous

activity that carries with it a risk of serious bodily harm and death." D.E. No. 26 at ¶ 7. Accepting

Hedyen's allegations as true,[1] the tour operator's work qualifies as the type of activity which

"involve[s] a risk of physical harm unless skillfully and carefully done." *Suarez*, 820 So.2d at 345

(internal citation omitted). Heyden has properly alleged a duty. The question, then, is whether

Heyden has pleaded facts sufficient to support the allegation that the duty was breached.

Under Florida law, "[o]nce the existence of a duty is established, then a breach may be shown

by proving the contractor possessed an incompetence or unfitness about which the employer knew

or, in the exercise of reasonable care, should have known." *Davies*, 46 So. 3d at 74. There are two

components to pleading this element: " '(1) the contractor was incompetent or unfit to perform the

work; [and] (2) the employer knew or reasonably should have known of the particular incompetence

or unfitness ....' " *Smolnikar*, 787 F. Supp. 2d at 1318 (quoting *Davies*, 46 So.3d at 73–74).

The plaintiff alleges that the independent contractors were not properly trained or

experienced; that there was inadequate supervision of passengers; that there was inadequate warning

given to passengers of fixed obstacles on the boardwalk in Philipsburg; that tour operators gave only

a two-minute orientation on how to operate the Segways;. and, that the boardwalk was not a safe area

for the operation of Segways. D.E. No. 26. at ¶ 14.  The plaintiff further alleges that the operator had

prior incidents and/or reports of safety issues and that Caribbean Segway Tours was something of

a "fly-by-night" operation." *See id.* at ¶ 43. Plaintiff bolsters these allegations with allegations of

past incidents involving the same tour operator:

---

[1] While Segway riding is not the kind of activity one might initially regard as inherently dangerous, the Walt Disney World Company recently banned the use of the two-wheeled vehicles because the company considers them too dangerous for operation in Disney Resorts. *See Ault v. Walt Disney World Co.*, 692 F. 3d 1212, 1217 (11th Cir. 2012); *cf.* Chris Brooke, Millionaire Segway tycoon dies in cliff plunge on one of his own scooters,The Daily Mail Online (Feb. 27, 2013, 5:21 PM), http://www.dailymail.co.uk/news/article-1315518/Segway-tycoon-Jimi-Heselden-dies-cliff-plunge-scooters.html.

In fact, participants of the same tour operator were robbed at gunpoint in Nassau, Bahamas while on a ship-sponsored Segway tour on November 20, 2009 ..... After the incident, which involved passengers on Royal Caribbean's Navigator of the Seas and Disney Cruise Line's Disney Wonder, five cruise lines, including the Defendant, CELEBRITY, cancelled the Segway shore excursion at that site.

*Id.* at ¶ 13. Taking the plaintiff's allegations as true, Heyden has adequately alleged the first breach element—that the tour operator was either incompetent or unfit to safely conduct Segway tours.

Regarding the second breach element—that Celebrity knew or reasonably should have known of Caribbean Segway Tours' particular incompetence or unfitness—the parties disagree as to whether Plaintiff has in fact pleaded sufficient facts to establish actual or constructive notice. Heyden points to another dangerous incident[2] involving this particular tour operator. The plaintiff contends that the defendant had knowledge of a prior armed robbery involving passengers participating in a Caribbean Segway Tours excursion, and that Celebrity cancelled the excursion in question. This, Heyden argues, should have put the defendant on notice of the tour operator's poor judgment in selecting excursion sites. Celebrity, on the other hand, argues that Heyden cannot rely on the prior, unrelated armed robbery incident to support his allegations that the employer knew or reasonably should have known of the contractor's particular incompetence or unfitness.

The Southern District of Florida Court has, on at least one occasion, refused to dismiss claims of negligent retention and selection where the plaintiff established a "pattern of outwardly apparent misbehavior" on the part of an independent contractor. *See McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632, at *7 (S.D. Fla. May 16, 2012). And, when taken together with the

---

[2] *See Koens v. Royal Caribbean Cruises, Ltd.*, 774 F.Supp.2d 1215 (S.D. Fla. 2011) (King, J.)(involving Caribbean Segway Tours customers who were robbed at gunpoint while on a tour in the Bahamas).

plaintiff's allegations that the Caribbean Segway Tours employees failed to adequately instruct and supervise the tour participants, the prior incident tends to establish the kind of "pattern of outwardly apparent misbehavior" alleged in *McLaren. McLaren*, 2012 WL 1792632 at *7. This is especially true given the overall theme of Heyden's complaint: that the tour operator should not have been operating a Segway tour along a crowded boardwalk. Where the contractor's poor judgment in choosing tour locations is the "particular incompetence or unfitness" at issue, it cannot be said that a prior incident involving a similar lapse in judgment is unrelated.

Accordingly, Heyden has adequately alleged a claim for negligent retention. And while Hedyen alleges no specific facts that would indicate Celebrity's failure to conduct an adequate pre-selection investigation into the tour operator's background and conduct, it is conceivable that the alleged pattern of misbehavior could have begun prior to Celebrity's selection of this particular contractor. *See Smolkinar*, 787 F. Supp. 2d at 1318 n. 7. Because this Court must read the complaint in the light most favorable to the plaintiff at the motion to dismiss stage, it cannot, at this time, dismiss Heyden's negligent selection claim in line-item fashion. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Holguin v. Celebrity Cruises, Inc.*, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010).

*Count III -- Failure to Warn*

Under general maritime law, the applicable standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F. 2d 1318, 1322 (11th Cir. 1989). And while a cruise line operator has a duty to warn its passengers of dangers, "this obligation extends only to those dangers which are not apparent and obvious to the passenger." *Isbell v. Carnival Corp.*,

-6-

462 F. Supp. 2d 1232, 1237 (S.D.Fla. 2006) (*citing Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, 41 n. 1 (S.D. Fla. 1986).

In this case, it is difficult if not impossible to imagine a situation in which Celebrity could have had actual notice of the "risk-creating condition" -- a stool or bench that was apparently "nailed down" to the concrete boardwalk in Philipsburg, St. Maarten. D.E. No. 26 at ¶ 20. Certainly, no set of facts can be pleaded to support the claim that the danger posed by this stool or bench was not apparent and obvious to Heyden, especially where he all but admits the same: "While participating in the tour, it became immediately apparent to the Plaintiff that there was not a clear path for the Segways, but it was more like an obstacle course." *Id.*

Despite his admission that the alleged dangerous condition was "immediately apparent," Plaintiff contends that he "could not know" of the fixed obstacles on the boardwalk using reasonable care. *Id.* at ¶ 50(d). Plaintiff claims that the dangerous condition in this case occurred with regularity (on the Philipsburg boardwalk) and was therefore foreseeable. *Id.* at ¶ 20. How this allegedly dangerous condition could have been foreseeable to Defendant cruise line and not to the plaintiff piloting the Segway is not explained. Further, a "fixed stool" on a thoroughfare is not the kind of dangerous condition contemplated in the cases addressing failure to warn claims based on allegedly dangerous conditions encountered during shore excursions. *See, e.g. Koens,* 774 F.Supp.2d at 1218 (armed robbery); *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, *5 (S.D. Fla. June 5, 2012) ("zipline" brake failure); *Joseph v. Carnival Corp.*, 2011 WL 3022555, 1 (S.D. Fla. July 22, 2011) (failure of "parasailing" apparatus); *Smolnikar,* 787 F. Supp. 2d at 1319 ("zipline" brake failure); *Isbell,* 462 F. Supp. 2d at 1238 (poisonous snakes); *McLaren,* 2012 WL 1792632, at *8 (unsafe watercraft).

In general, these cases involved failure to warn claims that were overly broad in scope, and not specific to the danger that caused the harms alleged. Only in *McLaren*, discussed above, was the plaintiff found to have alleged sufficient facts to support a claim for failure to warn. In that case, the plaintiff alleged a pattern of outwardly apparent misbehavior by the excursion operator, including the use of an inappropriately-sized sea vessel, employing inexperienced shipmates, and maintaining improper operating procedures. *See McLaren*, 2012 WL 1792632, at *8. Unlike the plaintiff in *McLaren*, however, Heyden fails to allege that Celebrity owed a duty to warn based upon its knowledge of a dangerous condition specific to both the excursion involved and the place of the accident. Heyden does not allege a particular danger related to a specific place or hazard, but simply states the existence of "fixed obstacles" on the crowded boardwalk in Philipsburg. D.E. No. 26 at ¶ 20. This is not a dangerous condition but an apparent and obvious feature of any pedestrian thoroughfare. Because the duty to warn extends only to those dangers which are not apparent and obvious to a passenger, Heyden has failed to state a claim for failure to warn.

*Count IV -- Negligent Misrepresentation*

"To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of a material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp.2d 1287, 1293 (M.D. Fla. 2010) (citing *Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. 5th DCA 2004)). As discussed, Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting

-8-

fraud or mistake." Specifically, a Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba*, 256 F.3d at 1202 (internal citation omitted).

Heyden's Complaint quotes extensively from Celebrity's promotional literature, namely, a shore excursion brochure and online vacation booklet, as well as shore excursion "talks" that, Heyden alleges, he relied upon in choosing this particular shore excursion. *See* D.E. No. 26 at ¶¶ 57-63. Heyden makes reference to selected phrases such as "finest" and "great care" and "you're in good hands" as if those isolated words encompass Celebrity's complete statement. As the defendant contends, these non-specific allegations do not satisfy the particularity requirements of Rule 9(b) as there are no facts supporting the materiality of the alleged misrepresentations, or, in the case of the shore excursion "talks," the time and place of the statements and person(s) responsible for the statements, the manner in which Heyden was misled and what the Celebrity obtained as a consequence of the alleged negligent misrepresentation. *See Weitz v. Celebrity Cruises, Inc.*, 2010 WL 1882127, at *1 (S.D.Fla. May 11, 2010) (finding Rule 9(b) applies to a cruise line passenger's nearly identical misleading advertising and negligent misrepresentation claims).

Despite a number of opportunities to amend the allegations, Heyden has nevertheless failed to specifically allege when and under what circumstances each alleged misstatement was made. Accordingly, the plaintiff's allegations cannot survive the instant motion to dismiss. *See McLaren*, 2012 WL 1792632, at *6 (dismissing similarly vague allegations concerning Celebrity's promotional materials); *Holguin v. Celebrity Cruises, Inc.*, 2010 WL 1837808, *1 (S.D. Fla. May 4, 2010)

(same); *Weitz*, 2010 WL 1882127, at *1 (S.D.Fla. May 11, 2010) (same).

### Conclusion:

For the reasons stated, the defendant's Motion to Dismiss is **DENIED** as to Counts I and II and **GRANTED** with respect to Counts III and IV. In addition, it is **ORDERED** that the defendant shall file an answer to the plaintiff's complaint by no later than **March 15, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of February, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-10-